IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALGADO, JESSIE CHRISTIAN | ) | |
| Petitioner | ) | |
| | ) | |
|   v. | ) | Case No. 4:18-cv-3066 |
| | ) | |
| MICHAEL R. POMPEO, | ) | Houston, TX |
| SECRETARY OF STATE | ) | |
| and KATHE L. HARRELL | ) | |
| ACTING DIRECTOR at HOUSTON | ) | Petition for Writ of Mandamus |
| PASSPORT AGENCY | ) | And Declaratory Judgment |
| Respondent. | ) | |

## PETITION FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

Jessie Christian Salgado, Petitioner, by and through his undersigned attorney, hereby petitions this Court for a Writ of Mandamus and Declaratory Judgment pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, 28 U.S.C. § 1331, 28 U.S.C. § 2201, 8 U.S.C. § 1503 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq*, as well as 22 U.S.C. § 211a *et seq*. Furthermore, this case presents issues arising

under Article IV and amendments X & XIV of the United States Constitution.

## JURISDICTION AND VENUE

This Court has jurisdiction to hear this Petition for Writ of Mandamus and Declaratory Judgment pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, 28 U.S.C. § 1331, 28 U.S.C. § 2201, 8 U.S.C. § 1503 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq*, as well as 22 U.S.C. § 211a *et seq*.

This civil action arises under the constitution and laws of the United States. This case presents issues arising under Article IV and amendments X & XIV of the United States Constitution. The issues present the question of whether the U.S. State Department can negate Petitioner, Jessie Christian Salgado, a U.S. citizen, his right to a U.S. passport even after presenting to the State Department a copy of his delayed Birth Certificate—issued by the State of Texas—and the State of Texas has not determined that he was not born in Conroe, Texas.

Venue is proper in the United States District Court for the Southern District of Texas-Houston Division pursuant to 28 U.S.C. § 1391 since the Petitioner resides in Conroe, Texas.

# FACTS

Petitioner, Jessie Christian Salgado, was born on March 8, 1985 in Conroe, Texas. (See birth certificate attached as Exhibit A). The State of Texas issued a certified copy of Petitioner's birth certificate on January 4, 2010—this is a delayed birth certificate. Since the issuance of the delayed birth certificate on or about March 28, 1986 by the "Department of State Health Services Vital Statistics Unit" the State of Texas has not made a determination that Jessie Christian Salgado's was not born in Texas. (See Exhibit A).

The trouble with Petitioner began when he received a letter from the State Department stating that his passport was revoked on or about November 18, 2013. The reason alleged in the letter for the revocation is that there was a Mexican birth Certificate indicating Petitioner was born in Mexico and that predated the U.S. Birth Certificate. (See Exhibit B). Furthermore, Petitioner filed a new request for a U.S. Citizen passport and his application was denied—on or about December 29, 2017—on the same basis as the revocation. (See Exhibit C). The Texas birth certificate is a delayed birth certificate. (See Exhibit A). Even though the State of Texas is an independent sovereign that has the power to determine who is born within the State and has not determined that the delayed birth certificate is invalid, the State

Department still denied the passport application. The U.S. Department of State also took issue with the fact that there was a Mexican birth certificate that predates the Texas birth certificate. However, the Mexican government itself has found the Mexican birth certificate to be faulty and that Petitioner showed he was born in the U.S. (See Exhibit D).

The U.S. Department of State's use of a Mexican Birth Certificate is misplaced. The Mexican Birth Certificate has been found to be flawed in a judicial proceeding under Mexican laws. The State Department's denial of the Petitioner's application for a passport indicates that they hold a foreign entity's flawed documentation superior to that of the Birth Record of the independent and sovereign State of Texas—which has not been found flawed.

## ARGUMENT

The Fourteenth Amendment to the United Sates Constitution states that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside…." U.S. CONST. amend. XIV.   In this case Petitioner was born in Conroe, Texas and is thereby a U.S. citizen.  (See Exhibits A and D).  As a U.S. citizen, Petitioner has

rights.  Among the rights of a U.S. citizen, is that of being able to obtain a passport.
See 22 U.S.C. §212.  Petitioner filed an application for a U.S. Passport with the United
States Department of State after his passport had been revoked. (See Exhibits B and
C). The application was denied. (See Exhibit C). The denial of the application was
based on the Department's belief that petitioner had not provided enough information
to have a passport issued to him since there was a Mexican Birth Certificate that had
been registered first in time.  Petitioner provided all the information necessary for the
Department to make a favorable finding and issue a passport. (See Exhibit A and C).
Petitioner established beyond any doubt that he was born in Conroe, Texas.
Accordingly, based on the Fourteenth Amendment to the United States Constitution,
Petitioner is a U.S. citizen.  Under 22 U.S.C. §211a *et seq*., and 8 U.S.C. §1503, the
U.S. Department of State must issue a U.S. Passport to Petitioner because he applied
for a Passport and gave all required information to prove beyond any doubt that he
was born in Conroe, Texas, and is thereby a U.S. Citizen.  Under 22 U.S.C. §212, a
person that is either a citizen or national of the U.S. can be granted a U.S. Passport.
The person must follow the requirements of 22 U.S.C. §213 which says that such
person must apply and state truthfully the information required by law as a
prerequisite to obtaining the passport.  Because Petitioner was born in the United

States and he followed the regulations regarding the filing of an application for a U.S. passport and established the prerequisites required by the law, he must be issued the passport.  In the revocation dated November 18, 2013, as well as the denial dated December 29, 2017, Secretary of State Michael R. Pompeo, through Acting Director, Kathe L. Harrel, explained that there was a foreign birth certificate that predates the birth certificate in Conroe and indicates that the Petitioner's birth occurred in Durango, Mexico, on March 8, 1985, and was filed on March 14, 1985. The acting director further explained that Petitioner had the burden of proving by a "preponderance of the evidence" through documentary evidence his U.S. citizenship or nationality. The Acting Director concludes that the evidence submitted by Petitioner is not sufficient to establish by a preponderance of the evidence that he was born in the U.S. since there is a foreign birth record indicating Petitioner was born in Mexico. (See Exhibit C). However, the Mexican Birth Certificate had been found to be flawed in a judicial proceeding under Mexican laws—(See Exhibit D)—and Mexico amended its records to show that the Petitioner was born in Conroe, TX. (See Exhibit D). The Acting Director is not reasonable in concluding that Petitioner has not met his burden of showing his citizenship by a preponderance of the evidence. The sovereign State of Texas under its laws and procedures has not determined that the

delayed birth certificate is invalid.

The denial by the Secretary of State to issue Petitioner a U.S. passport is also a violation of The State of Texas' authority under the tenth amendment of the U.S. Constitution which states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited to it by the States, are reserved to the States respectively, or to the people….".  U.S. CONST. amend. X.  The State of Texas, in the exercise of its power under the Tenth Amendment, determined by its laws and procedures that Petitioner, Jessie Christian Salgado was born in the State of Texas, specifically Conroe, Texas and issued him a delayed birth certificate.[1]  Pursuant to the Fourteenth Amendment, after the State of Texas determines that Petitioner was born in Conroe, by given him a delayed birth certificate, he is a U.S. Citizen.  Because Petitioner is a U.S. Citizen, he is entitled to a U.S. Passport. Additionally, the denial violates the principle of the full faith and credit clause which states that "[f]ull faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other state…." U.S. CONST. art. IV, §1.  Here, the Acting Director ignored the

---

[1] Recently, as of August 20, 2018, the Texas Department of State Health Services has refused to issue Mr. Salgado a copy of his birth record due to the existence of a Mexican Birth Record. Mr. Salgado has appropriately requested a fair hearing with "the Texas Department of State Health Services" on August 27, 2018. (See Exhibit E).

full faith and credit requirement by not acknowledging the State of Texas' delayed birth certificate. The United Sates Constitution in article IV section 1 states that "[f]ull faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other state…." and in this case the Department did not give the State of Texas full faith and credit for its public act, record, and judicial proceeding. Specifically, the State Department did not give the State of Texas full faith and credit for the issuance of its Certified birth certificate to the Petitioner. (See Exhibit A).

Petitioner has a Constitutional right to travel. See *United States v. Guest*, 383 U.S. 745 (1966), and *Griffin v. Breckinridge*, 403 U.S. 88 (1971). Petitioner cannot travel outside of the United States without a passport. Among the rights and privileges of National Citizenship is the ability to pass freely from State to State. Petitioner cannot exercise such a right because the State Department has infringed upon his citizenship rights and privileges.

## PRAYER

Petitioner prays that his Petition for a Writ of Mandamus be granted and that the Secretary of State, Michael R. Pompeo, and his Acting Director, Kathe L. Harrell, be mandated to act according to their duties under the United States Constitution and its

laws and issue Jessie Christian Salgado a U.S. Passport. Petitioner further prays that this Court issue a declaratory judgment that as a U.S. Citizen he has met all requirements for the issuance of a U.S. Passport.

Respectfully Submitted,

/s/ Roberto M. Hinojosa

_____
ROBERTO M. HINOJOSA
Texas State Bar Number:  24043730
2020 Southwest Fwy. (U.S. 59) Ste. 220
Houston, Texas 77098
Telephone: (713) 665-5060
Fax:  (713) 520-8808
Attorney for the Petitioner,
Jessie Christian Salgado