IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSIE CHRISTIAN SALGADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3066 |
| | § | |
| MIKE POMPEO, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| STATE, and KATHE L. HARRELL, | § | |
| ACTING DIRECTOR, HOUSTON | § | |
| PASSPORT AGENCY, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

In August 2018, Jessie Christian Salgado sued Mike Pompeo, the Secretary of State, and Kathe Harrell, Acting Director of the Houston Passport Agency, seeking a declaratory judgment that he is a United States citizen by birth and entitled to have the Department of State issue him a passport. (Docket Entry No. 1 at 9). Salgado also seeks a writ of mandamus ordering the Department to issue him a passport. (*Id.* at 8–9). The government moves to partially dismiss the petition, arguing that Salgado may sue under only 8 U.S.C. § 1503(a), not the other authority that he asserts. (Docket Entry No. 11 at 1). After a careful review of the petition, motion, response, record, and applicable law, the court grants the government's motion. The reasons are explained in detail below.

**I.    Background**

The Department revoked Salgado's passport on November 18, 2013, on the ground that he was born in Mexico. (Docket Entry No. 1-1 at 4). In February 2017, Salgado applied for a passport,

which the Department denied in December 2017. (*Id.* at 7). The revocation and denial were unlawful, Salgado alleges, because he was born in Conroe, Texas on March 8, 1985. (Docket Entry No. 1 at 3). Salgado concedes that he has a Mexican birth registration dated March 14, 1985, stating that his birthplace is Durango, Mexico. (*Id.* at 3, 6). He argues that the Mexican government invalidated the March 1985 registration and that the State of Texas issued him a delayed birth certificate in January 2010, listing his birthplace as Conroe, Texas. (*Id.* at 3–4). Salgado sued Secretary Pompeo and Director Harrell under 5 U.S.C. § 701 *et seq.* (the Administrative Procedure Act); 8 U.S.C. § 1503(a) (denial of a citizen's rights and privileges); 22 U.S.C. § 211a *et seq.* (the Passport Act); and 28 U.S.C. §§ 1331 (federal-question jurisdiction), 1361 (the Mandamus Act), 1651 (the All Writs Act), and 2201 (the Declaratory Judgment Act). (*Id.* at 1). He also challenges the Department's actions under the Full Faith and Credit Clause and the Tenth and Fourteenth Amendments. (*Id.* at 1–2, 7).

The government moves to dismiss Salgado's petition in part under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, and for failure to state a plausible claim under Rule 12(b)(6). (Docket Entry No. 11 at 2). The government concedes that Salgado has stated a claim for citizenship under 8 U.S.C. § 1503(a). (*Id.* at 1). The government asserts that the court lacks jurisdiction to consider the remaining alleged statutory and constitutional violations, and that Harrell is an improper party because § 1503(a) allows for actions only against "the head of [a] department," not subordinate officers. 8 U.S.C. § 1503(a); (Docket Entry No. 11 at 8).

## II. The Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550, U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 558).

### III. Analysis

The government points to this court's decision in *Sanchez v. Clinton*, No. H-11-2084, 2012 WL 208565, at *1–*10 (S.D. Tex. Jan. 24, 2012), in which David Israel Sanchez, represented by

4

Salgado's counsel, filed a similar lawsuit alleging similar jurisdictional grounds. *Id*. at *2–*3. In that case, the government moved to dismiss part of the pleading, arguing that 8 U.S.C. § 1503(a) provided the only jurisdictional basis for the ruling Sanchez sought. *Id.* at *3. This court granted the motion, holding that Sanchez's petition could proceed under only 8 U.S.C. § 1503(a).[1] *Id.* at 4. This court found that Sanchez failed to state a plausible claim under the Constitution, because the "Full Faith and Credit Clause does not require the decision of the Texas Department of Health to be given preclusive effect in United States passport proceedings"; Congress "may freely displace or preempt state laws[] affecting immigration"; and "the State Department is [not] required by either statute or regulations to defer to the State of Texas's administrative findings." *Id.* at *9–*10. This court also found that Sanchez's other statutory allegations could not proceed because 8 U.S.C. § 1503(a) provided an adequate remedy, precluding relief under the Administrative Procedure Act and the Mandamus Act; the All Writs Act does not create jurisdiction if none is otherwise established; and the Passport Act is not a jurisdictional statute. *Id.* at *4–*5. Sanchez appealed, and the Fifth Circuit affirmed. *Sanchez v. Kerry*, 648 F. App'x 386, 388 (5th Cir. 2015).

Salgado raises the same arguments that this court rejected in *Sanchez*, without identifying material differences between this case and that decision.[2] The government's motion is granted. (Docket Entry No. 11). Sanchez's claim for declaratory relief under 8 U.S.C. § 1503(a) is retained for further proceedings. The other claims are dismissed, without leave to amend, because amendment would be futile. *Sanchez*, 2012 WL 208565, at *10.

---

[1] This court held that Sanchez could maintain an action under the Declaratory Judgment Act, but only because § 1503(a), which provides for declaratory relief, created jurisdiction. *Sanchez*, 2012 WL 208565, at *4.

[2] Salgado concedes that "many Courts have said that 8 U.S.C. § 1503(a) is an adequate remedy." (Docket Entry No. 13 at 9–10 (citing *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016))).

As to whether Harrell is an improper party, Salgado argues that Harrell was properly included as a defendant because the Houston Passport Office, which she directs, denied his passport application. (Docket Entry No. 13 at 10–11). But the "plain language of [8 U.S.C. § 1503(a)] authorizes suit only against the head of a department or agency." *Dorantes v. Tillerson*, No. 1:16-cv-268, 2017 WL 7794607, at *4 (S.D. Tex. Mar. 22, 2017) (dismissing the United States as an improper party in a § 1503(a) action). Because Harrell is not the head of the Department of State, Salgado cannot assert a claim against her under § 1503(a). The claims against Harrell are dismissed, without leave to amend, because amendment would be futile.

SIGNED on April 16, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge